[No. 4,077.]

## A. H. GRIFFITH v. WM. S. MOSS.

WHEN NEW TRIAL SHOULD BE REFUSED.—If, on the trial of an action for the value of services rendered the defendant, the plaintiff fails to prove the services and their value, and there has been no surprise or misapprehension, a new trial should not be granted to enable him to prove the services and their value.

APPEAL from the District Court, Third Judicial District, Alameda County.

The plaintiff was an attorney-at-law and brought this action to recover $5,675 for legal services rendered for the defendant from October, 1868, to November, 1871. The plaintiff was the only witness on his own behalf, and testified that he had been the attorney of the defendant from Octo-

ber, 1868, to November, 1871, and that the defendant owed him for services rendered during that time; and that about November 1, 1871, he asked the defendant, at Alameda county, for $500 on account, and defendant asked him to make out his account and transmit it by mail to the defendant at Stockton; and that within a few days he made out and sent by mail to Stockton, to the defendant, a detailed account for his services, amounting in the whole to the sum of $5,675. The plaintiff also testified that on two subsequent occasions he met the defendant at San Leandro, Alameda county, and asked him for $500, on account, which the defendant promised to pay, but failed to do so.

The defendant was the only witness on his behalf, and testified that the plaintiff never rendered him an account, and that until he was sued he did not know what the plaintiff claimed. He stated that the plaintiff had rendered him legal services, and that he had paid him for every thing he had done, and that the plaintiff was always in his debt.

The Court rendered judgment in favor of the defendant, and the plaintiff moved for a new trial. The Court granted a new trial. The following is the opinion of the Court below in granting a new trial:

"The plaintiff's motion for a new trial in this action having been argued and submitted by the attorneys of the respective parties, upon the foregoing bill of exceptions and judgment roll, etc., in this action, all of which are hereby referred to and made part of this statement, I do now, having fully considered said motion, sustain the same upon the ground that I am not satisfied that justice has been done to plaintiff by the decision and judgment in this action, because the defendant by his testimony admitted that the plaintiff had rendered for him legal services as an attorney-at-law, although he contends that he had paid for them; but the plaintiff failed to make proof of the value of those services. He rested his case upon the testimony tending to prove that he had sent to the defendant, through the post-office, a stated account. But the defendant testified that he never received such an account, and upon that tes-

timony I found for the defendant. To give the plaintiff an opportunity of proving the services rendered by him for the defendant, and their value, I think a new trial should be granted; and it is so ordered, upon plaintiff's paying to the defendant all the costs which have accrued in the action."

The defendant appealed from the order granting a new trial.

*W. H. & J. R. Glascock,* for Appellant.

The elements of an account stated are, a presentation of the account to the party subject to be charged, and an acceptance of it by him, either by express acquiescence in its demands, or that implied by long silence. No presentation has been proved in the case at bar.

The plaintiff voluntarily threw aside his rights in assumpsit, and rested upon the "new promise and undertaking" springing from the alleged "stated account." He based his proof upon an "original indebtedness." (*Cary* v. *P. and C. Petroleum Co.*, 33 Cal. 697.) He relied upon "account stated" and failed. Can he be allowed, under new trial, to fall back upon the items constituting said account?

*A. H. Griffith,* in *pro. per.*

The Court, granting a new trial, says: "He (the plaintiff) rested his case upon the testimony tending to prove that he had sent the defendant, through the post-office, a stated account; but the defendant testified that he had never received such an account, and upon that testimony I found for the defendant." It will be perceived the Court inadvertently overlooked the cardinal and undisputed fact that the plaintiff, in forwarding the account by mail, was acting under the instructions and authority of defendant, and not of his own voluntary act in an ordinary business transaction. The case is similar to that of a creditor authorizing his debtor to remit money by mail; the creditor in such instance assumes the risk. (2 Parsons on Contracts, 132.)

By the COURT.

"To give the plaintiff an opportunity of proving the services rendered by him for the defendant, and their value," when the plaintiff had already had such opportunity at the trial, but had declined it, is not a sufficient ground for a new trial, especially where it is not even pretended that any surprise or misapprehension had occurred.

No errors of law had been committed by the Court below at the trial; it had found for the defendant upon the issues of the fact involved, and the evidence was clearly conflicting in its character. Upon the application for the new trial, it fully adhered to the findings, and under such circumstances the motion for a new trial should have been denied.

Order granting new trial reversed. Remittitur forthwith.